our next case on the call the docket is agenda number five case number one one two five two five Harris versus Thompson counsel for the appellant please proceed may it please the court my name is Charles Roth and I represent the of Illinois there are essentially four the first is a significant major issue which pertains to all of the governmental units in the state of Illinois first is there an irreconcilable direct conflict between the Motor Vehicle Act the Illinois Motor Vehicle Code excuse me and the Illinois governmental tort immunity the Brad Bradish case in the 5th district indicated that there was and it is from that decision that eventually this appeal was perfected the second issue is should a reversal of that decision be prospective only or should it adopt the general rule that it would be retroactive and prospective the third should the directed verdict on the issue of willful and wanton conduct be affirmed and finally was there adequate evidence for the admission of the Barnes hospital bill is there a direct irreconcilable conflict between the two statutes the Illinois vehicle code and the governmental tort immunity act our position is that it is not and that is the position that has been taken by the appellate courts in this state with the exception of the 5th district in each of the decisions rendered on this point the courts have indicated that each of these two statutes operates in a different sphere a different subject matter if you will we know the vehicle code operates and provides rules on the road governs general vehicle behavior creates duties and provides very specific penalties it governs both public and private vehicles and their employees and it does not provide any immunities it does provide what they call privileges but it also provides duties which negate essentially those privileges an example of a conflict in the motor vehicle act would be if one section of the motor vehicle act said that an ambulance must have four wheels and no more and another section of the motor vehicle act said all ambulances must have six wheels that is a direct irreconcilable conflict and must be resolved one way or the other it is because it operates on the same subject matter to the contrary the Illinois governmental tort immunity act provides only one thing immunities and it provides only that immunity for emergency vehicles and only for negligence the two statutes then essentially are in different spheres and operate differently from one to the other to further distinguish the operation of the two statutes the postage case which is from the second district 1994 indicates that if a suit is brought by a governmental unit then the tort immunity act would not apply because it provides only defenses so a suit brought by a governmental unit would still be controlled by the due regard standard of the motor vehicle act again it points to the difference between the two and their operation counsel with regard to due regard that's not defined anywhere in the code that is correct and so how can one translate due regard into imposing a duty to refrain from acting negligently you're absolutely correct your honor and I think that the fifth district in the Bradshaw case forced the due regard into a negligence standard and it is not defined it's not defined in the act itself nor is it defined in IPI nor is it defined in blacks law dictionary in your cases there is simply no definition of due regard it is a statute which I would like to talk a little bit later about its vagueness and why it permits the interweaving of these two and why as a further grounds not only are they not on the same subject but the vagueness of the due regard provision which clearly permit the action and the result intended by the legislature in the governmental tort immunity act the legal authority for the principle that each of these two statutes operates in its own sphere one being for the operation and governance of public and private vehicles in a very general sense and the other a very specific immunity provision that legal standard is of long standing and is of overwhelming precedence in this court the Henrich versus Libertyville high school 1998 this court held that in a comparison between two immunity statutes that one was more specific and operated and both operated in different spheres and that that language was then followed by the appellate court's subpoena so the principle that these two statutes operate in legal spheres can be traced back to this supreme court in its 1998 decision the legislature simply as this court said very clearly simply said we're going to grant greater immunity to public in that case schools than to private and with respect to the tort immunity act in the application here the appellate courts have said unanimously that the government has chosen to give greater immunity to governmental ambulances responding to emergencies than to private the other four districts of the appellate court agree with what I have just said there's only one appellate court that disagrees and that is the fifth district in 1999 the Carter case was decided in the second in 1999 the Sanders case in the first and in the same year the Young decision in the fourth district the third district followed in 2003 all of them all of them without exception specifically rejected the Bradshaw fifth district decision all of them said they operate in different spheres there is no conflict and that they each can exist even the federal court in the seventh circuit court of appeals considered the same issue and as we noted in our brief the Carter case 2003 affirmed the other four courts in the appellate district so we come to this point that every reported decision on this issue favors our client's position there is only one decision to the contrary it is the fifth district decision the rule 23 decision that brought my case up our case up to the court is not going to be printed and therefore the Bradshaw decision still remains the law in the fifth district the second reason there are two reasons why these statutes are not in conflict and your honor you touched on it very briefly and that is the language of the motor vehicle act is so general and so broad and as I will point out later inconsistent with itself that the due regard language would permit and would clearly allow operation of the governmental tort immunity act which would provide a provision against the use of the motor vehicle act the due regard duty is found in both sections 205 and 907 of the Illinois motor vehicle code it is not defined in the act there is no I.P.I. jury instruction there is no definition in the ninth edition of black's law dictionary that is the most current one at least in your library with respect to definitions it is not defined in the Illinois statutes although the term is used frequently but in other contexts words and phrases which is another resource has a few cases none of them in Illinois and the language that is permitted varies all over the lot with regards to what the meaning is black's law dictionary I had to go back to the fourth edition 1998 defines due regard as consideration in a degree appropriate to the demands of a particular case consideration in a degree appropriate to the demands of the case and my argument here is that surely consideration of those other factors would include other statutes and here we have the tort immunity act in the state of Illinois it would also of course consider the emergency situation so we come to the conclusion that if the motor vehicle act does not use the terms due care doesn't use that it doesn't use the term negligence it says due regard for these vehicles due regard there is no specific requirement that negligence be the standard of care it is instead due regard which the statute doesn't define now my next point on this issue is that there is an internal inconsistency in the motor vehicle act itself on this point 205 section 205 of the motor vehicle act which contains the due care excuse me due regard language is inconsistent with section 207 and the reason I say that is that section 205 requires a driver to operate the motor vehicle with quote due regard and not be reckless on the other hand section 907 contains the due regard language but does not contain the language of reckless operation no prohibition in 907 against reckless and neither of them use the term willful and wanton or approach the subject so the question must be if due regard always as the fifth district must say if due regard always means negligence what additional relief is provided by adding the term and you can't be reckless we all know what the standard much easier to determine and to prove negligence than to approve a higher state of mind cause of action so why would you include the term reckless if you already have if you already are precluding negligence and why didn't you include the terms willful and wanton or is that to be considered as permitted perhaps under the due regard so we're suggesting to the court that there is perhaps we're not saying you have to make that decision that's not an issue here that you have to decide but there is a statutory conflict within the motor vehicle code between these two statutes now does that affect whether or not the governmental tort immunity act is in conflict we think it simply indicates that the motor vehicle act has its own problems is vague enough is general enough to clearly permit the application of a very specific governmental tort immunity act as we noted the fifth district stands alone in this decision where they indicated that there was a conflict and that as a result of that they then had to overcome another hurdle because when you have a conflict between the two they said well you have to look at first which is more specific and then which is more recent and of course our position is as we said in our brief that the tort immunity act is clearly more specific than the general terms of the motor vehicle code first it's more specific because there is it's clear we're only talking about immunity and we're only talking about negligence and the motor vehicle act on the other hand has this vague language of due regard plus it encompasses both private and publicly owned vehicles clearly a much more broader concept covers everything from the size of signs paint color that you use on the street what color the taillights are it's no wonder it gets changed periodically secondly not only is the immunity difference but the parties covered are different the governmental act of course applies only to publicly owned vehicles and their employees while the general Illinois motor vehicle code applies to public and privately owned motor vehicle codes and secondly the conditions under the application the motor vehicle code applies under all conditions apparently reckless no mention of willful and wanton and whatever due regard is while on the other hand the very general excuse me very specific governmental tort immunity act applies for emergency conditions only so let's say that you're not convinced with this argument and you decide to take the position that the 5th district case was correct which is the most recent and here we enter into a very intricate labyrinth of trying to determine dates of statutes we know that and we applied in our appendix 1, 2, 3, 4, and 5 we attached copies of the Illinois session laws and what they show that both sections of the motor vehicle act 205 and 907 both of them were in existent and enacted at least as of 1969 that language has remained the same since 1969 both contain the due regard language it's the same as it is today what's the governmental tort immunity act we have attached again our appendix A6789 and 10 are copies of the 1986 session laws public act 84-1431 which creates the current governmental immunity statute in 1986 17 years after at least 17 years after the language of the motor vehicle code which is the most recent clearly governmental tort immunity act the 5th district appellate court in its rule 23 opinion at page 11 said well there was an amendment in 1984 to one of the provisions of the statute that pertains to the due regard but it didn't tell us what that amendment was did it the decision the appellate court's rule 23 decision which we're appealing from didn't say what that amendment was we looked what that amendment did was to change the section quote parenthesis C and parenthesis end quote to parenthesis B and parenthesis it didn't change the language it changed the enumeration of the statute not a significant change not a significant adaption no clarification they simply move the statute that provision up the plaintiffs now point to other changes in their response and they've indicated that there are additions to section 205 and 907 but none of them change the due regard language there's still no definition it still applies in this situation it still would be the language which would be operative and so we're suggesting to the court as I bring myself to a close as I see my time is running out that if the age if the age of a statutory provision is important shouldn't it be limited to the probative provisions of the statute before the court it was not it hasn't been it's the same language since 1969 this court said that you look at that probative language and you don't change yourself or you don't consider something as more recent simply because another provision was changed and this court said in 1994 in the John versus Troy fire protection district and I've suggested this court should have the same opinion today you don't even need to get it yes your honor medical bills we don't have to consider that I'm sorry your honor I did not bills we do not have to consider the reasonableness of the medical bills right yes sir did you object in those bills were admitted we objected your honor at a conference before the trial started when we had we had the parties to determine yes sir we did and there is a docket order to that effect what about the deposition of peers yes sir that was that sufficient evidence to establish legal dissonance first your honor you're on you're on the right point on me on this one it was a discovery deposition discovery depositions well they now can be admitted in some situations of course that will change but typically are not but the parties had agreed that we were going to submit both parties agreed we're going to submit a docket order to that effect we're going to submit the bills in a summary provision not the actual bills themselves she had to have some knowledge of the reasonableness of the charge Miss Pierce whose deposition was taken clearly was a functionary she was a minion she didn't even remember when the deposition was taken who told her the amounts to charge she didn't know if they were reasonable she had no idea that was our ability to do that objection I'm sorry your honor so you feel that the deposition of peers was not sufficient to establish that is absolutely correct absolutely correct thank you thank you Good morning I'm Mark Johnson I'm here on behalf of our client James Harris and I want to say may it please the court opposing counsel and my partner John Snyder secured this verdict brings us here today we have four major points and the first two will mimic to some extent what the appellant stated and I want to start right off by getting into the issue about which of the two is the one that we're going to look at today. Which of these statutes control does a motor vehicle code control the operation of an emergency vehicle by an ambulance driver or firefighter or is that individual excused from the ordinary negligence standard that we've asserted in this case and it was a result of the jury's verdict to answer that question you have to engage in a two-step process. The first step is is there an irreconcilable conflict between the two statutes and the answer is an unequivocal yes there's a conflict it's not reconcilable. Defendants have gone to great lengths to try to establish an ability to read the two statutes together they've fallen in lockstep with the other appellate districts that I think wrongly decided or wrongly construed the hindrance case and said there's same spheres of influence. Hindrance involved two immunity statutes. This case and the other cases the appellate districts looked at incorrectly involved a provision of motor vehicle code 11205 that imposes a duty to exercise due regard for the safety of other persons. That's a negligence standard and I'll comment on that in just a little bit as to the reason why we believe it is. And then secondly they talk about well there's a difference between duty and immunity and since there's no immunity statute in the motor vehicle code that doesn't really establish a conflict that it can be read together because the subject matters are essentially the same it just applies to different people. The one case that this court can look at that can resolve completely the issue about a conflict is the John case. In that case this court considered the provisions of the Firefighters Act at that time since it's now been repealed that said that firefighters had to drive with the observation of ordinary negligence. If they were negligent in the operation of their vehicle they could be held accountable. The Tort Immunity Act at that time said we were going to immunize you from that behavior. The court found an irreconcilable conflict. If you've got the legislature on one hand saying you've got to drive with due regard for the care and safety of others but then we're on the other hand in the Tort Immunity Act we're going to immunize you from that. That is an irreconcilable conflict and one that is repugnant. These statutes cannot stand and so as a consequence the court had to engage in the second step of this analysis which is which one of these two trumps the other. Which one holds sway over the cause of action is before the court. And then the process began on discerning legislative intent. But I want to address the question that Justice- And by the way don't stop there. They did in the John case it was the Firefighter Liability Act that was invalidated not the Tort Immunity Act. That is correct and there were good reasons why that was the case that I can comment on in a second. Particularly I was going to do that in this section about which one of the legislative intent factors should be applicable. I'd like you to explain this Mr. Johnson. If we enforce the Tort Immunity Act the vehicle code section is not rendered wholly meaningless. By contrast if we allow a negligent suit to go forward against the driver of an authorized emergency vehicle the relevant section of the Tort Immunity Act is rendered wholly meaningless isn't it? No it's not and I'll tell you why. Let me address the second part of that question if I can First Your Honor. Sure. The reason why the Tort Immunity Act is not rendered completely meaningless is because it also applies to rescue equipment and fire- Let me read the exact quote from it because I expected this. It says and first of all Article 5 of the Tort Immunity Act is about rescue services. That's the general article. The section at issue 506, 5-106 is about emergency calls. It talks about motor vehicle and then it says are firefighting a rescue equipment. So there's lots of firefighting and rescue equipment that would not be trumped by this particular case and that is things like the Jaws of Life, stretchers, firefighter hoses, things that could hurt people on a regular basis still would have that immunity because they're not addressed obviously in the motor vehicle code. But the motor vehicle code Section 205 has no relevance if you don't look at it. And it's important to consider the sequencing of how the Illinois Motor Vehicle Code is constructed. It says to emergency drivers it says we're going to let you violate the law basically. We're going to let you do things other people can't do. We're going to let you speed. We're going to let you run a stop sign. We're going to let you do all these things. That privilege though comes with some conditions. And the first condition is that you have to have an audible siren or you have to have a light on. And all of it is. But Mike, the issue of wholly meaningless, right? If under the vehicle code private emergency drivers would still have that provision apply where under the Tort Immunity Act, right, if we don't look at the Tort Immunity Act in this case, what happens to public emergency? Well, I think the confusion may be Section 205 of the Act, Your Honor, applies to both public and private. I'm talking about the wholly meaningless issue. Okay. If this Court struck the provision of the Motor Vehicle Code. You're going to separate areas than drivers. I'm talking about drivers vis-a-vis drivers under Tort Immunity under the Vehicle Code. I'm maybe not following your question. You're asking me if this Court were to strike the provisions of the Tort Immunity Act, if it doesn't apply in this circumstance with respect to drivers of emergency vehicles in the public sector, how is that provision of the Tort Immunity Act, how is that not wholly, that portion of the Tort Immunity Act, how is that not wholly wiped out if we go with your argument that the Vehicle Code controls? I don't know if that. It is. Now I got you. Inartfully, but that's where I'm trying to go. No, I understand now, sir. It is. It's rendered completely meaningless because it is in direct conflict with the Motor Vehicle Code. The point I was trying to make, maybe I didn't do such an artful job earlier, was to say that counsel is arguing from the defense that we have an implied repeal of the Tort Immunity Act, Section 5106, much like that occurred in John, only in reverse. I don't agree. I agree, sir, that if you find in favor of the plaintiff and that the Motor Vehicle Code controls, then yes, the provision of the Tort Immunity Act that would attempt to immunize public employees, that's gone. That's history. But what stays in place under 5106 are causes of actions that are based upon the operation and use of firefighting equipment or rescue equipment. That would stay in place and not be trumped by this particular. And I hope I've answered that question then. Yes. Okay, thank you, sir. Let me continue on then and get at one of the questions about what is due regard. I'm somewhat mystified for a couple of reasons. One, the first time we ever heard the defendant talk about, well, we're really not sure what due regard means. Is that really negligence? Well, that's the first time we've heard it. It was in the reply brief. Every other appellate district that's looked at it, and even the Seventh Circuit, has found that that language in 205 that says that a driver of a vehicle has got to operate it with due, is not relieved from the duty of driving with due regard for the safety of other persons. Now, we had the same review of Black's Law Dictionary about due regard. But the reality is, here's where the confusion comes from that argument. Due regard, when you define each of these words, it's not a term anymore in the Ninth Edition, but when you look up due, it's defined as reasonable. Regard is defined as care. That's reasonable care. That's IPI 10.01 and 10.2 on negligence and use of ordinary care. That language is similar to basically what the common law in this state has always been, and that is you have to operate your motor vehicle with due regard for the safety of others. That is, in fact, a negligence standard. It can be nothing else. And the fact that there's a reference to, in 205 Section D.E., that says you're not relieved also from reckless conduct, that's essentially Will Form 1. Will Form 1 says it's either intentional or it's with reckless disregard for the safety of others. That section, 205, is saying ambulance drivers, if you're driving and you're going to violate the law, you're going to run a stoplight, you're going to speed, you've got to have a lighter siren on, and you've got to do all of it. It's cloaked with the exercise of that activity with due regard for the safety of others. That is negligence. That's what's been held by every other appellate court. That's the only thing that makes any sense. That's consistent with the definition of the word due and the word regard in Black Saw Dictionary. Reasonable care, which is what we use in 10.1 of IPI. There was also a comment about the fact that 205 and 907 are inconsistent. Counsel misses a point here. 205 is the application of the Motor Vehicle Code toward the driver of an emergency vehicle. 907 is directed to the rest of us. The fact that the legislature put in 907 what we have to do to yield to the right of way of emergency drivers, but they also said that it doesn't relieve the driver from exercising due regard are apples and oranges. Those are two different sections, both of which contain the legislature's affirmation that negligence is the standard of care by which the driver of a motor vehicle, in this case an ambulance driver, is measured. Now, if there's a conflict, as we contend, and it's irreconcilable, and interestingly enough, we believe John answers that question. The Firefighter Act said negligence. The Tort Immunity Act said you're immune from that same negligence. It's an irreconcilable conflict. The counsel to the defendant never addressed that in a brief in a reprived brief. John kills that argument. If that's the case, then the next question becomes, well, what do we do? How do we discern legislative intent? And one of the things that was maybe referenced a minute ago, what John, in fact, found that the Tort Immunity Act trumped. And the reason it did is straightforward. The Firefighters Act that was trumped by the Tort Immunity Act in John was part of additional provisions of the Tort Immunity Act. Before the 1986 amendment that brings us here today, the Tort Immunity Act said there's immunity, but there's two exceptions. One is firefighters under the Firefighter Act, and two is firefighters under the Illinois Municipal Code. Both of those, when the Tort Immunity Act went into effect in 1986, were taken out. So it's clear the legislature looked at the old provisions of the Tort Immunity Act and said we're taking out the requirement that firefighters drive with due care and without negligence in the Firefighters Act, or actually it was applicable to districts, and as well as the Municipal Code. It then went on to say the fact that the legislature did not seem to remove it from the books altogether was clear that it was inadvertent, and as a consequence, we're going to find an implicit repeal because the two were that repugnant. Now, in this case, we've got to go look at if this is an irreconcilable conflict, as we submit, and as John holds, then how do we resolve it? Then this Court has to look at legislative intent as a paramount or sometimes expressed as a cardinal rule, and then you can look at rules of statutory construction, and this is a three-step process that we submit is applicable here. The first is legislative intent. You look to the purpose, the scheme, the overall structure of the statute, and your decisions in Moore and Abruzzo are instructive here. When the discussions were about the Domestic Violence Act and the EMS Act, as juxtaposed with the Tort Immunity Act, and the common thread that is in those cases is that Moore and Abruzzo found that those statutes contained an omnibus source for rules that governed the particular behavior that was at issue in the case. Nothing could be more exemplary of an omnibus source of rules than a motor vehicle code. It covers a wide variety of vehicular activities, but more importantly, in 205, it specifically gets to the point of telling an ambulance driver how he can behave lawfully, what he can do under circumstances and what conditions he can do them on, and under what standard of care he's to exercise them. The Tort Immunity Act, on the other hand, is just a one-sentence grant of immunity. What's wrong with the statement in Carter that says the legislature has chosen to grant broader immunity to a public employee actually engaged in the execution or enforcement of a law than to a private employee or to a public employee not engaged in the execution or enforcement of a law? It misses the point that 205 of the code applies to both public and private employees, and it misses the fact, I'll tell you the other thing, that these four appellate districts that fell in lockstep with each other did, is they didn't consider this Court's decision in John. They clearly misapplied Heinrich that compared immunity with immunity and then bootstrapped that into somehow distinction. So that's one. The second one is they did not consider the clear comparison in John of a duty to act without negligence and an immunization from that same act. So as a consequence, that is a total dispositive point on these other four appellate districts. They simply didn't understand or appreciate the fact that John had previously held that and that 11205 says it applies to both private and public employees, or entities in this case. The 205 says that. It makes a point in 205A that it applies to drivers of all vehicles, owned or operated by the United States, state, county, city. It applies to everybody. The other two parts of this that also favor us in legislative intent and discerning, and that's what this Court has to do when these two statutes are this much in conflict, this much repugnant to one another, then there's two rules of statutory construction, both of which favor the affirmation of the Fifth District here. One is the specific versus general point and the other is the recency argument. In the specific versus general, I've touched on that to some extent, but it's very straightforward. It says that if these statutes are more specific, if they are broader in their scope and application and clearly more articulated or contain an omnibus source of rules and they're very specified to the particular cause of action that's at issue, that's going to govern over a more general statement. The Motor Vehicle Code says plainly what happened, and that's what happened in this case. We had an ambulance driver responding to a call at a nursing home that drives through a blind intersection without a siren on. Now, under that statute, that is without due regard for the safety of others. That is ordinary negligence. That is in violation or derogation of the common law and as expressed in IPI 10.1 and 10.2, the code is far more specific. Secondly, the recency argument, and here's where the defense misses a point there. This Court has never held that you have to ask that the legislator discern its intent. Did they look at the specific subsection that was at issue? That would be unreasonable. If we're trying to draw a reasonable inference about what the legislature intended, they've looked at 11.205 and 11.907 seven times, and we set those forth in our brief. They've said those seven times they've looked at them. They've changed the conditions by which they can operate these vehicles. They took in a railroad provision and put it in and took out. There have been numerous times that they've had an opportunity to look at the import of these. Motor vehicle code is vast in its application. All of us every day are coming into contact with those rules of the road. Those are far more specific, far more broad in its scope, and are the best indicators that the legislature intended that to trump the Tort Immunity Act on the application of motor vehicles, not rescue equipment or firefighting equipment as the Tort Immunity Act would still stand. The one last thing I did say about this point is there's no implicit repeal. There's not. The Tort Immunity Act stays in place. This Court's affirmation of our point of view in this matter does not require Section 5-106 to be thrown in the trash. It still is applicable on rescue equipment and firefighting equipment. It just is trumped by 205 when an ambulance driver is driving for the safety and care of others. We don't measure the behavior of others by how many people are affected. That ambulance driver, he's got an interest, but the rest of us in our motoring public have an interest as well, and the legislature's balanced that by specifically telling him how he's supposed to do it and under what standard of care he's to do it. I want to touch briefly on the prospective application. If I can, I don't know what time is about up. This case certainly would be existing of a 12-year precedent in the Fifth District and would certainly be a first impression here. One of the things that distinguishes this case from others is Molitor is a perfect example only in reverse. Molitor was a situation where the Supreme Court for the first time decided to permit liability to public entities, particularly in that case I think it was the school district, and they said, all right, we're going to change the law and we're going to make it prospective in this application because school districts may not have insured itself in that liability, but we're going to reward the plaintiff for bringing that to our attention. In this case, it's the opposite. The plaintiff has relied on 12 years of precedent in the Fifth District to bring this case and brought it at their cost. The second part of it is this. The reward to, if this court were to reverse the Bradshaw decision and follow the other four districts, we think wrongly, but if it does that, we think the application should be prospective because it strikes a perfect balance. The Massac Hospital District continues to get the protection it is from now on. That's a reward. The plaintiff is not penalized and not suffered in the balance of the equities by the failure to make it, by making it retroactive. The alternative account we have, and I'll finish with this, is the willful and wanton count for the directed verdict. We think in the event that, God forbid we lose everything, having these arguments you want to have, they're an alternative, but I want to protect your interests or client. In the event the court would not find in our favor on the construction of the code over the Tort Immunity Act or the prospective application, then the last alternative we have is to ask for a retrial on the willful and wanton because of the indications in the record that all of the facts, all of the inferences from those facts should be drawn in favor of the nonmoving party, which was the plaintiff. Where is the defendant's intent to cause harm? Willful and wanton's intent to cause harm is defined as reckless disregard for the safety of others. That establishes the intent. It does, yes, and that's part of the instruction, which would be submitted to the jury on, did the defendant act in reckless disregard for the safety of others, has to do with danger and reasonable caution. In this case, blind intersection, can't see, turns off the only way to warn motoring public, the siren, and the collision occurs. Other things about speed, all those inferences should be drawn in favor of the plaintiff in the event that this court would get to that point and set aside the judgment. We should be entitled to a new trial on that issue. I hope the court affirms the jury's verdict in this case. We respectfully submit that that's the correct action. Thanks for giving us the opportunity to come here and make the argument on behalf of our client, Jimmy Harris. Appreciate it. Thank you. I'd like to take up my rebuttal time by taking the last item that was mentioned first. Whether there was a error when the judge granted our motion for directed verdict with respect to the willful and wanton count, which was added to the complaint following the initial negligence count. The court granted directed verdict in favor of the defendant on the willful and wanton count at the close of all of the evidence presented by the plaintiff. It was not at the summary judgment phase. It was a chance where all the testimony that the plaintiff could bring forward was presented. And the court ruled that under even the Pedrick decision, most favorable consideration, that there was no evidence of the heightened state of mind which is required for willful and wanton conduct. The Illinois Supreme Court in Burke 1992, quote, a state of mind different from that needed in ordinary and gross negligence is required. Such as where there is a conscious and deliberate disregard for the rights or safety of others. And clearly there was not in this case. The facts of the accident clearly set out in the briefs. And there's very little dispute about them. Driver went through the stop sign. No question. He acknowledged it. There was a stop sign. But he slowed down. He looked both ways. He still had all the lights flashing on the vehicle and had blipped the siren. He turned off the siren because he did not want to bother the nursing home where he was going to pick up the hypoglycemic patient. Both parties acknowledged there is a tree that blocks the view. And to be sure that there was nothing coming, he edged past that tree and was struck in the middle of the intersection by the plaintiff's vehicle. It pushed the ambulance some 50 feet down the road and turned it over. The court held after viewing all of the evidence, most favorably to the plaintiff, that there was no evidence of a heightened state of mind. We cited to the court the Bozen 5th District 1987 case, which reversed and remanded the decision in favor of the plaintiff, where police lights were activated and intermittent siren 15 miles an hour through a stop sign, not willful and wanton conduct. We cited the Hampton case, 2nd District, 1994. Summary judgment was affirmed for the defendant. An ambulance, intersection accident, through a red light, didn't slow down, not willful and wanton. The Williams case, 1st District, 2007, no activation of emergency lights or siren, not constitute willful and wanton, didn't stop and didn't have a clear view. Negligence there, of course, but not willful and wanton. It's the heightened state of mind. It was not found in this case, and as the evidence we indicated in our brief, eight uncontested points which indicate no willful and wanton heightened state of mind required. All right. Let's talk about the prospective versus retroactive application. And interestingly, he started out with the Muneer decision, which, of course, prompted all of this. And the court here said, yes, we're going to apply it in the future, but it's also going to apply to the party that brought it here. We brought it here. It should apply to us. In our brief, we cited the major substantial changes made by this court in the past 20 or 30 years. For instance, comparative negligence used to be negligent, no recovery, and now we have, of course, comparative applied both prospectively and retroactively. We've had major decisions such as this to the 5th District applied prospectively and retroactively. Sub Rosa, of course, the plaintiff in this case wants to keep that judgment and say, okay, the rest of you, well, you don't get the benefit of this, but as for this party that brought the suit, this decision is dicta. It doesn't apply to you. Although you raise the argument and you brought it to the court, you don't get the benefit of it. That's inequitable. The major rule, the constant rule, the normal rule is that it is both prospective and retroactive. There's been no reason shown here why that rule should not be applied again. Counsel for the plaintiff indicates that he doesn't understand what the difference is, why there is no conflict between the two. Did not answer my position with respect to the nature of the act involved. One specifically limited itself to negligence and immunities and only in emergency situations while the other clearly is a much broader situation. Counsel says, well, that doesn't make any difference because 205, after all, it provides a whole list of privileges, which is what's in the code, but then follows it with, well, he didn't say this, the due regard. So that none of those privileges apply, none of those are a benefit to you because you still got to overcome this, quote, due regard test. And counsel says, well, what you should do is to take it a step at a time and look at it, due and then regard, but that takes it out of the context. If you wanted to have a statute that said you must operate your vehicles in a non-negligent manner, then so state it. If you want to say due regard and prospective, excuse me, due regard and reckless, but not willful and wanton, then so state it, but don't leave it in the open with the reckless conduct not provided for in 907, but provided for in 905. That's the problem that the vehicle code has. It is a vague general standard, and on the other hand, we have a very specific statute with regards to the Tort Immunity Act. The court has asked repeatedly, won't this nullify the governmental Tort Immunity Act as to this provision? And the answer is clearly yes. And finally, counsel said, quote, it's gone, quote, it's history. But he attempted to say that, well, you still have other provisions, other things left. What's left? What would prevent the next person from coming up and saying the same thing? Well, here's the fire department. It's got the same provisions, and you have the same governmental Tort Immunity Act, and after all, you threw it out when it came to ambulances. What that does is to piecemeal approach and completely ignore the intent of the Illinois State Legislature. There is no way that this court, if it rules in favor of Bradshaw, this court is overruling the four other appellate court district cases, which came down specifically on this issue. Plus, it is ripping from the legislative enactment the governmental Tort Immunity Statute. We suggest that that is inequitable. We suggest that that is not a function judicially to be determined. That is a function of the state legislature. And in this regard, we have two statutes. They operate in different spheres. The judgment of the fifth district should be reversed. Thank you to both counsel for your arguments today. Case number 112-525, James Harris v. Thompson, will be taken under advisements agenda number five.